IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAYNER J. POPE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 21-cv-2935-LKG ) |
| THE HON. LAWRENCE P. FLETCHER-HILL, *et al.*, | ) Dated: December 10, 2021 ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

On November 16, 2021, the above-entitled complaint was filed by plaintiff *pro se*, Mayner J. Pope, with the filing fee. For the following reasons, the complaint, as amended, must be **DISMISSED** and the motion to waive submission of a corrected version of the original complaint **DENIED**.

Ms. Pope is suing a sitting judge, as well as Clerk's Office staff, in the Circuit Court for Baltimore City because her civil suit was dismissed pursuant to Md. Rule 2-507 for failure to prosecute. In her 100-page complaint, she alleges that she was denied the opportunity respond to the notice sent to her by the Clerk and that her civil suit had been stayed because the defendant in that case had filed for bankruptcy. She claims that both the notice sent to her by the Clerk and the subsequent order dismissing her case were actions outside the jurisdiction of the Court. In her view, this alleged lack of jurisdiction means that Judge Fletcher-Hill and the other defendants from the Clerk's office are not immune from a civil suit for damages. Ms. Pope's amended complaint does not add any additional claims or parties, nor does it correct the deficiencies noted herein.

Under 28 U.S.C. § 1915(e)(2)(B)(iii), this Court must dismiss a case at any time, notwithstanding any filing fee that may have been paid, if this Court determines that the action seeks monetary relief against a defendant who is immune from such relief. The doctrine of

judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id*. at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id*. (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 351 (1871); *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. N.C.*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010). The claims against Judge Fletcher-Hill for the order dismissing Ms. Pope's complaint are barred by judicial immunity and must be dismissed. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

The claims against the remaining defendants, all of whom are employees of the Baltimore City Circuit Court's Clerk's Office, fare no better. Absolute quasi-judicial immunity "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). This doctrine of absolute quasi-judicial immunity has been further adopted and extended to court support personnel because of "'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)). To determine if quasi-judicial immunity applies, this Court must consider: "(1) whether the official's functions are similar to those of a judge; (2) whether a strong need exists for the official to perform essential functions for the public good without fear of harassment and intimidation; and (3) whether adequate procedural safeguards exist to protect against constitutional deprivations." *Howard v. Food Lion Inc.*, 232 F.Supp.2d 585, 595 (M.D.N.C. 2002) (citing *Ostrzenski v. Seigel*, 177 F.3d 245, 249 (4th Cir. 1999)). "[I]mmunity is vitiated only when the

judicial officer acts in the clear absence of all jurisdiction." *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (citing *Stump*, 435 U.S. at 357).

The primary impetus behind Ms. Pope's claim against the Clerk's Office employees concerns the issuance of a notification of contemplated dismissal pursuant to Md. Rule 2-507(d). That rule requires the court clerk to serve a notice on all parties that an order of dismissal for lack of jurisdiction or prosecution will issue if nothing further is filed in 30 days from the date of the notice. Further, a case is subject to dismissal for lack of prosecution at the expiration of one year from the last docket entry. Md. Rule 2-507(c). Thus, the Clerk's Office employees were acting pursuant to the legal requirements found in the rule. To the extent that Ms. Pope believes her case was dismissed in error, there are avenues available for review of the dismissal by motion for reconsideration or by appeal. This civil action for damages may not substitute for that state judicial review and must be dismissed.

In light of the foregoing, it is this 10th day of December, 2021, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), because it seeks monetary relief from persons who are immune from such relief,
2. The motion to waive submission of a corrected original complaint is **DENIED** as moot;
3. The Clerk shall provide a copy of this Memorandum Opinion and Order to plaintiff; and
4. The Clerk SHALL **CLOSE** this case.

   **IT IS SO ORDERED.**

                                        s/ Lydia Kay Griggsby
                                        LYDIA KAY GRIGGSBY
                                        United States District Judge